UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DEBRA L. HOLLAND,

     Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.

Case No. 3:16-cv-385

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING
AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE
TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g)
FOR AN IMMEDIATE AWARD OF BENEFITS; AND (3) TERMINATING THIS CASE
ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 13. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court on Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 11), Plaintiff's reply (doc. 12), the administrative record (doc. 7),[1] and the record as a whole.

**I.**

**A.     Procedural History**

Plaintiff filed for DIB alleging a disability onset date of November 5, 2009. PageID 299-305. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, posttraumatic stress disorder ("PTSD"), anxiety, and obesity. PageID 78.

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of her application, Plaintiff received a hearing before ALJ Amelia G. Lombardo on November 19, 2013. PageID 98-122. ALJ Lombardo issued a written decision on December 20, 2013 finding Plaintiff not disabled. PageID 160-70. Specifically, ALJ Lombardo found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC"), "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 164-69. The Appeals Council granted Plaintiff's request for review, vacated ALJ Lombardo's non-disability finding, and remanded the case to the ALJ for further proceedings. PageID 177-79.

On remand from the Appeals Council, Plaintiff received a hearing before ALJ Emily Ruth Statum on December 3, 2014. PageID 46-71. ALJ Statum issued a written decision on March 23, 2015 finding Plaintiff not disabled. PageID 75-89. Specifically, ALJ Statum found at Step Five that, based upon Plaintiff's RFC to perform a reduced range of medium work,[2] "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed[.]" PageID 82-88.

Thereafter, the Appeals Council denied Plaintiff's request for a review of ALJ Statum's decision, making her non-disability finding the final administrative decision of the Commissioner. PageID 38-40. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

---

[2] "Medium work" involves the occasional lifting of 50 pounds at a time, and frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567. Medium work can require standing and walking as much as six hours during any given eight-hour workday. *Id.* It may also involve frequent stooping, grasping, holding, and turning objects. *Id.* "The functional capacity to perform medium work includes the functional capacity to perform sedentary, light, and medium work." 20 C.F.R. § Pt. 404, Sub Pt. P, App. 2, § 203.00(a).

**B.    Evidence of Record**

The evidence of record is adequately summarized in the ALJ Statum's (hereinafter "ALJ") decision (PageID 78-86), Plaintiff's Statement of Errors (doc. 10) the Commissioner's memorandum in opposition (doc. 11), and Plaintiff's reply (doc. 12).    The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A.    Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria.  42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007).  In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."  *Bowen*, 478 F.3d at 746.

**B.** **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

# III.

Plaintiff argues that the ALJ erred: (1) in weighing the opinions of treating psychologist Julia A. Ganley, Ph.D. and treating psychiatrist Amita R. Patel, M.D.; (2) by failing to fully develop the record; and (3) by relying significantly upon the opinions of record-reviewing psychologists Caroline Lewin, Ph.D. and Robelyn Marlow, Ph.D., who offered opinions without the benefit of review a substantial portion of the record medical evidence. Finding error in the ALJ's assessment of medical opinions (*i.e.*, Plaintiff's first and third alleged errors), the undersigned makes no finding concerning the ALJ's development of the record.

Until March 27, 2017, "the Commissioner's regulations [which apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion

with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[3]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id.*

Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Dr. Ganley began treating Plaintiff in December 2009. *See* PageID 750. Thereafter, and while she was treating Plaintiff, Dr. Ganley completed a number of mental status questionnaires stating that Plaintiff possessed a poor ability to remember, understand and follow directions, maintain attention, sustain concentration, persist at tasks, and complete tasks in a timely fashion. PageID 750-54; 922-24. She then also found Plaintiff had a poor ability to react to work pressures involved with simple, routine, and repetitive work. *Id.* In support, Dr. Ganley described Plaintiff as unkempt; displaying abnormal speech during the flow of conversation;

---

[3] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id.*

presenting as sad, blue, negative, crying, angry, and suicidal; displaying suspicious thinking; demonstrating a short attention span with short concentration, poor short term memory, poor abstract reasoning, and a limited fund of information; and displaying limited insight and poor judgment. PageID 750.

In November 2012, Dr. Ganley opined that Plaintiff was either markedly or extremely limited[4] in all areas of mental and social functioning except that Plaintiff was moderately limited in her ability to maintain her personal appearance. PageID 927-29. On September 11, 2013, Dr. Ganley prepared a written narrative of Plaintiff's ability to work, stating that:

> Mrs. Holland suffers from Bi-Polar Disorder, severe, with suicidal thinking. She is depressed, sad, blue, low energy, angry and irritable most of the time. She is not able to function adequately in terms of tasks of daily living, household tasks such as cleaning and shopping are difficult for her. She has impairments in memory, concentration and attention. At least once a week she is not able to get out of bed. Self care at times is marginal. Mrs. Holland has not had a good response to her psychotropic medication. Her psychiatrist, Dr. Amita Patel, has frequently adjusted or changed medications, will little improvement, and also unwanted side effects.
>
> Mrs. Holland is not employable; she is not able to function at a level consistent with any type [of] employment.

PageID 987. Dr. Ganley prepared a second, similar narrative report in January 2014 in which she also noted that, as a matter of office policy, she does not release clinical treatment notes and, therefore, so such treatment notes appear in the record. PageID 1000.

Dr. Patel treated Plaintiff beginning in 2010 and through, at least, July 2014. PageID 638-53, 760-77, 946-54, 1010-23. In July 2014, Dr. Patel opined that Plaintiff was extremely impaired by deficiencies in concentration, persistence and pace resulting in a failure to complete tasks timely. PageID 1045-57. He then also found Plaintiff was markedly impaired with regard to her memory, insight, and judgment for ordinary activities; her ability to maintain social and

---

[4] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

occupational functioning, supervise others, deal with the public, and function independently, her ability to adjust to routine changes in the work setting, deal with work stress and understand, remember and carry out detailed and complex job instructions, and her ability to behave in an emotionally stable manner, relate appropriately in social situations, and demonstrate reliability in the workplace.  PageID 1045-57.

In analyzing medical source opinions related to Plaintiff's mental impairments, the ALJ "rejected" the opinions of Drs. Ganley and Patel.  PageID 84-86.  Instead, the ALJ assigned weight to the opinions of record-reviewing psychologists Lewin and Marlow, who gave their opinions in January 2012 and July 2012, respectively, without the benefit of reviewing Plaintiff's entire treatment record.  PageID 134-36, 150-52.

The ALJ rejected Dr. Ganley's opinion because Dr. Ganley did not release her treatment notes.  PageID 85.  To that end, the ALJ concluded that, in the absence of treatment notes, "there is no way of knowing if Ms. Ganley's[5] opinions are accurate or grounded on observable clinical signs during the course of treatment[.]"  *Id.*  The ALJ also found that Dr. Ganley's "refusal to release treatment notes . . . raises the possibility that a doctor may express an opinion in an effort to assist a patient" in obtaining DIB -- *i.e.*, to commit a fraud against the government.  *Id.*

As set forth above, however, Dr. Ganley did specifically list numerous mental status exam findings in support of her opinion.  PageID 750, 1000.  The ALJ nevertheless concluded that these exam findings could not be accepted because they were set forth in a questionnaire, as opposed to being set forth in treatment notes.  PageID 85.  Thus, the ALJ concluded that the findings listed in the questionnaire were likely Dr. Ganley's "inaccurate recollection" of Plaintiff's actual treatment.  *Id.*  The ALJ's conclusion in this regard, however, is not supported by substantial evidence.  Significantly, the mental status findings listed in Dr. Ganley's

---

[5] The undersigned assumes that the ALJ's reference to Dr. Ganley as "Ms. Ganley" was a mere oversight and not meant with any disrespect.

questionnaire are similar, if not identical, to the mental status findings set forth in Dr. Patel's treatment notes. PageID 946-54. Specifically, Dr. Patel consistently noted that Plaintiff was easily distracted; withdrawn; preoccupied; sad, anxious and irritable in mood; limited in insight and judgment; impaired in short-term memory; and displayed agitated psychomotor activity. *Id.*

The undersigned also finds error in the ALJ's rejection of Dr. Ganley's opinion based upon the "possibility" that she was exaggerating Plaintiff's limitations in an attempt to assist Plaintiff in securing benefits. In so finding, the ALJ concluded that Dr. Ganley's purported dishonest motives were evidenced by the fact that her "opinion . . . departs substantially from the rest of the evidence of record[.]" PageID 85. However, contrary to the ALJ's contention, Dr. Ganley's opinion does not depart substantially from the evidence of record and, in fact, is consistent with and supported by Dr. Patel's treating opinion and the aforementioned metal status examination findings set forth in Dr. Patel's treatment records. PageID 946-54, 1045-47.

The Court further finds that the ALJ's rejection of Dr. Patel's opinion is equally unsupported by substantial evidence. In rejecting Dr. Patel's opinion, the ALJ found that it was not supported by the "observable clinical findings during mental examinations." PageID 85. However, as noted above, Dr. Patel consistently noted abnormal clinical findings during mental examinations of Plaintiff -- namely, that Plaintiff was easily distracted; withdrawn; preoccupied; sad, anxious and irritable in mood; limited in insight and judgment; impaired in short-term memory; and displayed agitated psychomotor activity. PageID 946-54. It is unclear to the undersigned how these mental status findings fail to support Dr. Patel's opinion concerning the severity of Plaintiff's work-related impairments.

Accordingly, based upon all of the foregoing, the ALJ's non-disability finding is unsupported by substantial evidence and must be reversed.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

In this case, evidence of disability is overwhelming. Plaintiff's disability is shown by the consistent and supported disabling opinions of treating specialists Drs. Ganley and Patel -- opinions which are entitled to deferential, if not controlling, weight. Evidence to the contrary, *i.e.*, the opinion of record-reviewers Lewin and Marlow, is based upon a review on an incomplete record. Accordingly, because the evidence overwhelmingly demonstrates Plaintiff's disability, this case must be remanded for an immediate award of benefits.

## V.

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for an immediate award of benefits; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:   September 25, 2017                         s/ Michael J. Newman
                                                  Michael J. Newman
                                                  United States Magistrate Judge