UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DEBRA L. HOLLAND,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-385

Magistrate Judge Michael J. Newman
(Consent Case)

---

**ORDER AND ENTRY: (1) GRANTING THE MOTION BY PLAINTIFF'S COUNSEL FOR AN ATTORNEY'S FEE AWARD UNDER 42 U.S.C. § 406(b) (DOC. 18); (2) AWARDING PLAINTIFF'S COUNSEL $20,000.00 IN FEES; AND (3) DIRECTING PLAINTIFF'S COUNSEL TO REFUND TO PLAINTIFF, WITHIN FOURTEEN DAYS, THE EAJA FEE PREVIOUSLY AWARDED TO COUNSEL**

---

On September 25, 2017 the Court reversed the ALJ's non-disability finding and remanded this case to the Commissioner under 42 U.S.C. § 405(g) for an immediate award of benefits. Doc. 14. Thereafter, Plaintiff's counsel sought, and was awarded in this Court, attorney's fees in the amount of $2,948.75 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Docs. 16, 17. Plaintiff's counsel now requests an order authorizing a 25% contingency fee award in the amount of $20,000.00 under 42 U.S.C. § 406(b).[1] Doc. 18.

In support of the motion, counsel attaches a contingency fee agreement executed by Plaintiff. Doc. 18 at PageID 1156. Counsel also submits an itemized billing statement indicating that he spent 23.25 hours on this matter -- 17.75 hours of attorney time and 5.5 hours of paralegal time. *Id.* at PageID 1152-54. The Commissioner, in response, argues that the award sought --

---

[1] 42 U.S.C. § 406(b) permits an award of attorney's fees for successful Disability Insurance Benefits ("DIB") claims under Title II of the Social Security Act. Supplemental Security Income ("SSI") benefits are awardable pursuant to Title XVI of the Social Security Act, which incorporates 42 U.S.C. § 406(b) by reference, and likewise permits the award of attorney's fees for successful SSI claims. *See* 42 U.S.C. § 1383(d)(2); *Napier v. Comm'r of Soc. Sec.*, 190 F. App'x 458, 459-60 (6th Cir. 2006). The same analysis applies in deciding motions for attorney's fees under both statutes. *See id.*

$20,000.00 for 17.75 hours of work, or an hourly rate of $1,126.76 -- would constitute a windfall to Plaintiff's counsel. Doc. 19 at PageID 1167. The Commissioner argues that the Court should reduce the amount to reflect a more reasonable rate of $400.00 per hour, for a total award of $7,100.00. *Id.* at PageID 1175. The undersigned has carefully considered each of the forgoing documents, and the fees motion is now ripe for decision.

In Social Security cases, the Court is authorized to award attorney's fees following a successful Social Security disability appeal. *See* 42 U.S.C. §§ 402(b)(1), 1383(d)(2). However, such contingency fees (1) may not exceed 25% of the past-due benefits which the claimant receives as a result of an appeal, and (2) must additionally be reasonable for the services rendered. *Gisbrecht v. Barnhard*, 535 U.S. 789, 807 (2002).

The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). A reduction of a contingency fee award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 981-82 (6th Cir. 1990).

As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally

> overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. "A hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

Here, counsel's requested fee of $20,000.00, divided by the 17.75 attorney hours spent working on the case, results, as noted, in a hypothetical hourly rate of $1,126.76.[2] Doc. 18 at PageID 1152-54. In light of counsel's extensive experience in these matters and the hypothetical rates awarded in previous cases, *see* doc. 18 at PageID 1147, the fee sought is reasonable and does not result in an undeserved windfall. Moreover, no allegations of improper conduct, ineffectiveness or insufficient effort of counsel are present. Quite the contrary: the record reveals that Plaintiff's attorney -- who is an experienced Social Security practitioner -- diligently and zealously worked on her behalf and did so in a timely fashion.

Based upon the foregoing: (1) Plaintiff's unopposed motion for a § 406(b) fee award (doc. 18) is **GRANTED**; (2) Plaintiff's counsel is **AWARDED** the requested sum of $20,000.00 in attorney's fees; and (3) Plaintiff's counsel is **ORDERED** to reimburse to Plaintiff, within **FOURTEEN (14) DAYS**, the EAJA fee previously awarded to counsel. As no further matters remain pending for review, this case remains **TERMINATED** upon the Court's docket.

**IT IS SO ORDERED.**

Date: July 18, 2018     s/ Michael J. Newman
　　　　　　　　　　　　　Michael J. Newman
　　　　　　　　　　　　　United States Magistrate Judge

---

[2] Contrary to the Commissioner's representation, the Sixth Circuit has not put forward a standard rate upon which to base § 406(b) fees. *See* Doc. 19 at PageID 1173-74; *Pierce v. Colvin,* Case No. 3:10-cv-00349, 2016 WL 1294554, at *2 (S.D. Ohio April 4, 2016) (citing *Lasley v. Comm'r of Soc. Sec.,* 771 F.3d 308, 309 (6th Cir. 2014)).